# Application of 18 U.S.C. § 208 to Trustees of Private Trusts

Although a trustee of a private trust, solely by virtue of his capacity as a trustee, should not be deemed to have a personal financial interest in the property of the trust, a trustee of a private trust may have such an interest under certain circumstances. Further, a trustee of a private trust also should be considered to be serving in the capacity of a "trustee" of an "organization" for purposes of 18 U.S.C. § 208(a).

November 2, 2001

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
OFFICE OF GOVERNMENT ETHICS

You have asked for our opinion whether, under 18 U.S.C. § 208 (1994), a trustee of a private trust inevitably has a personal financial interest in the trust and whether the trustee of a private trust serves in an "organization" within the meaning of section 208(a). We believe that, in general and with the qualifications discussed in more detail below, a government officer or employee will not have a personal financial interest in a matter, as defined in section 208(a), as a result of his position as trustee of a private trust. We believe, however, that a trustee of a private trust is a "trustee" serving in an "organization" for purposes of section 208(a).

## I. Personal Financial Interest of a Trustee

You ask, first, whether a trustee has a personal financial interest under 18 U.S.C. § 208 in all particular matters affecting the trust property. Section 208(a) disqualifies an officer or employee of the Executive Branch or any independent agency from participating in a particular matter

> in which, to his knowledge, he, his spouse, minor child, general partner, organization in which he is serving as officer, director, trustee, general partner or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest . . . .

18 U.S.C. § 208(a). We have previously noted that "the statute recognizes and gives effect to two distinct types of disqualifying 'financial interest'—personal and organizational." Memorandum for Fred F. Fielding, Counsel to the President, from Charles J. Cooper, Assistant Attorney General, Office of Legal Counsel, *Re: Interpretation of the Financial Interest Requirement of 18 U.S.C. 208 as Applied to a Spouse Trustee* at 2 (Jan. 6, 1986). Because of this separate treatment by the statute, we concluded that "Congress did not intend a personal 'financial interest'

in an organization to arise solely from one's status as trustee of the organization." *Id*. As we observed, "[i]ndeed, a contrary conclusion would render entirely redundant the express language of section 208 that bars an official's participation in matters affecting the financial interest of an organization in which the official serves as a trustee." *Id*.[1] *See also Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) (interpretations of statutes that render language superfluous are disfavored). We adhere to this conclusion. We, therefore, agree with the analysis set forth in your March 30, 2001 letter, that:

> If . . . the trustee has no beneficial interest, receives no fees affected by the performance of trust investments, and there are no facts suggesting any potential fiduciary liability as a direct and predictable result of the particular matter, then one would not necessarily find any real potential for gain or loss to the trustee personally.

Letter for Daniel L. Koffsky, Acting Assistant Attorney General, Office of Legal Counsel, from Marilyn L. Glynn, General Counsel, Office of Government Ethics at 6 (Mar. 30, 2001) ("Glynn Letter"). We note that those types of trustee interests giving rise to a personal financial interest on the part of a trustee (e.g., certain fee arrangements, a beneficial interest in the trust property or potential fiduciary liability of the trustee) could be identified by regulation.

## II. Trustees Serving in an Organization

Your second question is whether the trustee of a private trust serves as "trustee" "in" an "organization" for purposes of section 208(a). You suggest that the term "trustee" might best be construed only "to describe a position on the governing body or board of an organization, particularly, but not exclusively, a non-profit organization." Glynn Letter at 8. You also suggest that a private trust might not be an "organization." *Id*. at 10-11.

The plain and ordinary meaning of the term "trustee" encompasses the trustee of a private trust. *E.g.*, *Webster's Third New International Dictionary* 2457 (1993) (a trustee is "one to whom something is entrusted: one trusted to keep or administer something"). You propose an alternative reading under which the term "trustee" would be confined to a member of an organization's board of trustees. Such a reading, you contend, would render "trustee" more compatible with the terms that immediately precede it—"officer" and "director"—both of which positions are typically present in organizations that have boards of trustees. Glynn Letter at 8-9. We find this argument unpersuasive. The term that immediately

---

[1] As we also noted in that memorandum, this does not mean that "there are no conceivable circumstances in which a spouse's status as a trustee of an organization could in fact give rise to a personal financial interest, thus triggering the disqualification requirement of section 208." *Id*. at 3 n.2.

follows "trustee"—"general partner"—is not typically associated with organizations that have boards of trustees. We therefore find far more compelling your alternative suggestion that what these terms have in common is that they identify persons who "have certain fiduciary duties to the organizations in which they serve." *Id*. at 8. In any event, we find nothing in the terms "officer" and "director" to suggest that the term "trustee" should be confined to a member of a board of trustees.

On the issue whether a private trust is an "organization," we first note that we have long held that a private trust is an "organization" for purposes of section 208. *See* Memorandum for Dudley H. Chapman, Associate Counsel to the President, from Leon Ulman, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Conflict of Interest Review: H. Gregory Austin* at 3 (Nov. 26, 1975) ("Ulman Memorandum").

You correctly point out that 18 U.S.C. § 18 (1994) defines the term "organization" to mean "a person other than an individual." Based on this definition, you question whether a trust in which the beneficiary is an individual can be an "organization." This question, we believe, conflates a trust with the beneficiaries of the trust. As the comment to section 2 of the Restatement (Third) of Trusts (Tentative Draft No. 1, 1996) explains, "[i]ncreasingly, modern common law and statutory concepts and terminology tacitly recognize the trust as a legal 'entity,' consisting of the trust estate and the associated fiduciary relation between the trustee and the beneficiaries." *Id*. § 2, cmt. a. In any event, whether or not the trust is a legal entity, it is distinct from its beneficiaries. *See* G. Bogert & G. Bogert, *Law of Trusts and Trustees* § 1 (rev. 2d ed. 1984) ("A trust may be defined as a fiduciary relationship in which one person holds a property interest, subject to an equitable obligation to keep or use that interest for the benefit of another.") Therefore, the fact that the beneficiary or beneficiaries may be individuals has no bearing on whether the trust satisfies the definition of "organization" in section 18.

Although the legal term "person" in isolation is often ambiguous on whether or not it includes unnatural persons (i.e., persons other than individual human beings), the plain terms of section 18 dispel any such ambiguity. In suggesting that a trust is not "a person other than an individual" for purposes of section 208, you note that the Dictionary Act definition of "person" contained in 1 U.S.C. § 1 does not specifically include "trusts." We find this omission insignificant in this context. Section 1, by its very terms, is illustrative, not exhaustive: in identifying various things that the word "person" "include[s]," it does not thereby exclude other things from qualifying as persons. Moreover, section 1 expressly provides that its definition applies "unless the context indicates otherwise." 1 U.S.C. § 1 (2000). Because inclusion of a private trust within the meaning of the term "organization" would promote the conflict of interest objectives of section 208, we see no reason to disturb our longstanding position that a private trust is an "organization."

You also raise the question whether, consistent with the language of section 208, a trustee can fairly be said to be serving "in" a trust. Glynn Letter at 9, 10. You suggest that the awkwardness of this phrasing supports the conclusion that the trustee of a private trust is not a "trustee" and that a private trust is not an "organization" for purposes of section 208. We do not believe, however, that it is any more awkward to speak of a trustee serving "in" a trust than to speak of—to use two examples indisputably within the scope of section 208—a general partner serving "in" a general partnership or an officer serving "in" a corporation. We therefore do not believe that the preposition "in" sheds meaningful light on the terms "trustee" and "organization."

For the above reasons, we conclude that a trustee of a private trust is a "trustee" serving in an "organization" for purposes of section 208(a).

We believe that the courts would come to the same conclusion that we do. The Supreme Court has explained that "we begin with the understanding that Congress 'says in a statute what it means and means . . . what it says there,'" *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)), and that, in construing a statutory provision, "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters,'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (alteration in original) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)). For the reasons discussed above, a court would conclude that reading the terms "trustee" and "organization" to include the trustee of a private trust accords those terms their plain meaning and is neither absurd nor in conflict with Congress's objective in enacting section 208(a).

Even if a court were to find that the statutory language, context, and purpose were insufficient to enable it to determine the meaning of the terms "organization" and "trustee," its conclusion would not change. Where the language of a term contained in a statutory provision is ambiguous, courts may look to the legislative history of that provision, *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 511 (1989), and construe the provision in a manner that furthers the purpose of the statute, *Watt v. Western Nuclear, Inc.*, 462 U.S. 36, 56 (1983). We have previously examined the legislative history of section 208 for indications as to what types of entities Congress intended to encompass within that term. *See, e.g., Applicability of 18 U.S.C. § 208 to the Federal Communications Commission's Representative on the Board of Directors of the Telecommunications Development Fund*, 21 Op. O.L.C. 96, 98-99 (1997). Here, a court would find sufficient legislative history to guide it in the proper construction of the term "organization."

In analyzing the precise issue of whether section 208's use of the term "organization" includes the trustee of a private trust, we previously concluded that the legislative history shows that section 208 does apply to the trustee of a private

trust. Ulman Memorandum at 3. In the Ulman Memorandum, we observed that 18 U.S.C. § 434, the predecessor "conflict of interest" provision to section 208, was viewed as being broad enough to include an estate even though it spoke in terms of a "business entity," and therefore we viewed it as also capable of embracing a testamentary trust. *Id*. at 2 (citing B. Manning, *Federal Conflict of Interest Law* 118 (1964)). We noted the absence of any indication that the use of the term "organization" in section 208 was intended to narrow the scope of the earlier provision. We also noted that one of the primary substantive changes made in enacting section 208 in 1962 was to remove the references to "business" or "corporation" that were contained in section 434, thereby making it clear that the new section restricts the activities of employees who are trustees or officers in non-profit corporations or foundations not engaged in commercial activities. *Id*. at 3. We then concluded that "[t]he fiduciary responsibilities of . . . [a] trustee for a private trust are analogous to those of an officer in a non-profit organization and could cause the same kind of divided loyalty on governmental policy questions that section 208 was intended to prevent." *Id*.

The final point of our 1975 Ulman Memorandum was that, in his analysis of the proposed bill before Congress in 1961, Nicholas Katzenbach, then the Assistant Attorney General for the Office of Legal Counsel, asserted that section 208, in its substantive prohibitions, was "almost the counterpart" of section 3 of H.R. 3050, which was the proposed bill based on recommendations prepared by the New York City Bar Association. Ulman Memorandum at 3 (citing *Federal Conflict of Interest Legislation: Hearings Before the Antitrust Subcomm. of the House Comm. on the Judiciary*, 87th Cong. (1961) ("House Hearings")). We regarded this as significant because section 3 of H.R. 3050 contained language making its prohibition expressly applicable to a government employee who was the trustee of an ordinary trust. *Id*. (citing House Hearings at 6-7). Section 3 of H.R. 3050 provided that:

> No Government employee shall participate in a transaction involving the Government in the consequences of which he has a substantial economic interest of which . . . to his actual knowledge, any of the following persons has a direct and substantial economic interest . . . (3) Any person of which he is an officer, director, *trustee*, partner, or employee . . . .

House Hearings at 7 (emphasis added). "Person" was defined in section 2(h)(i)(2) of that bill as including any "trust." House Hearings at 6. Furthermore, that the definition of "person" listed "individuals" and "trusts" as distinct categories of "person" demonstrates an assumption on the part of the drafters of that legislation that a "trust" was something different from an "individual." *Compare* H.R. 3050, § 2(h)(i)(1) *to id*. § 2(h)(i)(2); *see* House Hearings at 6.

Moreover, in asserting that section 208, "in its substantive prohibitions is almost the counterpart of section 3 of H.R. 3050," Assistant Attorney General Katzenbach explained his use of the term "almost" by adding the qualification "with the exception that under the latter bill a 'substantial economic interest' would be defined by Presidential regulations and the President could provide for exemptions." House Hearings at 41. This distinction has nothing to do with the scope of the term "organization" or "person."

Mr. Katzenbach's view was communicated again to Congress in a letter he wrote, as Deputy Attorney General, to Senator Henry Jackson, the chairman of the Senate Armed Services Subcommittee examining divestment of securities by civilians nominated to statutory positions in the Department of Defense. Deputy Attorney General Katzenbach concluded that

> only in an exceptional case would a financial interest of a spouse or child be deemed to be a disqualifying financial interest within the purview of section 208. Ownership by a spouse of a controlling interest in a corporation transacting business with the Department of Defense could not, perhaps, be ignored. Also, in a situation in which the nominee *exercises legal control over the property of the spouse*, the interest of the spouse could be considered a financial interest within the contemplation of section 208 unless excluded by the exception of nonsubstantial interests.

*Conflicts of Interest: Hearing on H.R. 8140 Before the Senate Comm. on the Judiciary*, 87th Cong. 98 (1962) ("Senate Hearings") (emphasis added). In responding to Senator Jackson's inquiry concerning when a spouse's property interest would be considered to fall within scope of section 208, Deputy Attorney General Katzenbach's explanation specifically relies on a trustee-like relationship between the government official and the property at issue as the type of relationship that would fall within the ambit of the statute.[2]

Moreover, including the trustee of a private trust within the scope of section 208 is consistent with, and furthers the purpose of, the Act. As one of the authors of the bill passed by the House, Representative John V. Lindsay, explained in testimony before the Senate Judiciary Committee, the Act's purposes included ensuring that "[p]ersons occup[y]ing a position inside Government must not be

---

[2] Although the Supreme Court has cautioned that "[w]e ought not to attribute to Congress an official purpose based on the motives of a particular group that lobbied for or against a certain proposal," *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 120 (2001), in this case the statements were made by the Department of Justice, which was involved in drafting and sponsoring the legislation in question and was testifying in that capacity at the time. In *Circuit City*, the statement at issue had been made by a private special interest group that was criticizing a particular provision of the proposed legislation. *Id.*

allowed to help an individual or entity on the outside, where the latter is seeking to make the wheels of government move in a particular way." Senate Hearings at 41. The policy behind such a concern applies to the trustee of a private trust where his decision, as a government official or employee, could affect the value or profitability of the trust assets to which he owes a fiduciary duty. As the Supreme Court has explained:

> To deter the trustee from all temptation and to prevent any possible injury to the beneficiary, the rule against a trustee dividing his loyalties must be enforced with "uncompromising rigidity." A fiduciary cannot contend "that, although he had conflicting interests, he served his masters equally well or that his primary loyalty was not weakened by the pull of his secondary one."

*NLRB v. Amax Coal Co.*, 453 U.S. 322, 329-30 (1981) (citations omitted).

Therefore, even if a court were to look to the legislative history of the Act, we believe that it would hold that trustees of private trusts are included within the scope of the provision prohibiting officers and employees of the federal government from participating in matters in which an organization in which they serve has a financial interest.

## III. Conclusion

Although a trustee of a private trust, solely by virtue of his capacity as a trustee, should not be deemed to have a personal financial interest in the property of the trust, a trustee of a private trust may have such an interest under certain circumstances. Further, a trustee of a private trust also should be considered to be serving in the capacity of a "trustee" of an "organization" for purposes of 18 U.S.C. § 208(a).

M. EDWARD WHELAN III
*Acting Assistant Attorney General*
*Office of Legal Counsel*